Cole *vs.* Pearce.

---

## COLE *vs.* PEARCE.

*Third Judicial District Court, March,* 1857.

### HOMESTEAD.

There must be overt acts of dedication to family use to constitute a right of homestead in property.

A mortgage lien acquired on property before such overt acts of dedication will survive a subsequent right of homestead.

*W. T. Wallace,* for plaintiff.

*Vorris & Archer,* for defendant.

This is a suit to foreclose a mortgage made by Pearce—his wife residing with him in this county, but not joining him therein. The complainant alleged that she is a subsequent incumbrancer, and made her a party to the suit. The defendant's answer consists of a general denial and a claim of homestead to the premises.

The facts in reference to the homestead are briefly these : The mortgage was made on the 15th day of August, 1855. Pearce owned the land and resided within a mile of it, but not on it. He commenced building a dwelling house upon it in July, 1855, and completed it in September thereafter. He moved into a part of the house sometime between the 16th and 20th of August, 1855, and has continued to reside there with his wife and children.

HESTER, J.—Upon these facts, and on the authority of Reynolds vs. Pixley, April term, 1856, I hold that no dedication was made of the property to the use of a homestead prior to the date of the mortgage, and that as the property was not then impressed with the attribute of homestead, the mortgage was valid and the complainant entitled to a decree.